IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOSE JORGE ABBUD GORDINHO,

    Petitioner,

v.              CIVIL ACTION NO.  5:19-cv-00312
                 (Criminal No. 5:15-cr-00237)

UNITED STATES OF AMERICA,

    Respondent.


**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the Petitioner's April 24, 2019 *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* (Document 86), brought on the grounds, *inter alia*, that his counsel was ineffective.  The Court has further reviewed the Petitioner's *Title 28 U.S.C. §2255(f)(3) Motion/Petition Memorandum of Law* (Document 87).

  By *Standing Order* (Document 88) entered on April 25, 2019, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On July 10, 2020, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 105) wherein it is recommended that this Court deny the Petitioner's § 2555 motion.  Following an extension of time, the Petitioner timely submitted his objections, entitled *Reply in Objections to the Proposed Findings and Recommendation* (Document 110) on August 14, 2020.

## FACTS

The Petitioner, Jose Abbud Gordinho, pled guilty to one count of distribution of a quantity of hydrocodone not for legitimate medical purposes in the usual course of medical practice and beyond the bounds of medical practice and to one count of health care fraud on January 7, 2016. The plea agreement contained a provision, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, agreeing to a maximum term of imprisonment of ten years and permitting Mr. Gordinho to withdraw his guilty plea should the Court refuse to accept the binding sentencing agreement. On April 27, 2016, the Court imposed a sentence of 96 months as to the distribution of hydrocodone conviction and twelve months as to the health care fraud conviction, to be served concurrently.

Mr. Gordinho contends that he requested that his criminal attorneys file an appeal, but they refused, citing the appellate waiver contained in his plea agreement. He indicates that he believed the plea agreement would result in a sentence of eighteen months and would not have entered the plea had he understood the potential sentence. He wished to appeal and/or challenge the Court's consideration of evidence of relevant conduct outside his offenses of conviction, including evidence of sexual misconduct with patients connected to the unlawful distribution of controlled substances.

Mr. Gordinho, with help from family members, sought assistance from another attorney to seek potential civil relief. He indicates that he consulted attorney Patrick Joyce in January 2017 and requested that he file a timely petition pursuant to 28 U.S.C. § 2255. Mr. Joyce travelled to the FCI Ashland to meet Mr. Gordinho in mid-April 2017. Mr. Joyce submitted an affidavit stating that he was contacted in April 2017, and informed Mr. Gordinho that he would be unlikely to

submit a § 2255 petition because the time would expire before he had a chance to complete an investigation. Mr. Joyce obtained materials related to a potential civil claim against Mr. Gordinho's former criminal attorneys.

Mr. Gordinho states that after he learned that Mr. Joyce had not submitted a § 2255 petition, he contacted attorney Rupak Shah. Mr. Shah indicates that he communicated with Mr. Gordinho's niece, then Mr. Gordinho himself, in January 2018. Mr. Shah offered to conduct a review and complete an opinion letter, detailing any potential avenues for relief. He provided a 40-page opinion letter in May 2019, shortly after Mr. Gordinho informed him that he had filed this pro-se habeas action.

### STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Magistrate Judge found that Mr. Gordinho's motion must be denied as untimely. She explains that his judgment of conviction became final on May 12, 2016, following expiration of the fourteen-day time to file an appeal after entry of his judgment order on April 28, 2016. 28 U.S.C. § 2255(f) requires that a § 2255 motion be filed within one year. Mr. Gordinho filed his motion on April 15, 2019, nearly three years after his judgment of conviction became final. Magistrate Judge Eifert found that Mr. Gordinho's contention that he is entitled to equitable tolling due to the abandonment of his attorneys should be rejected. She concluded that he is unable to show that he diligently pursued his rights, explaining: "Gordinho's § 2255 motion was submitted nearly three years after his judgment became final, nearly two years after expiration of the statutory deadline, and nearly two years after the alleged abandonment by Mr. Joyce. By the time Gordinho hired Mr. Shah in February 2018, Gordinho knew that the deadline for filing a § 2255 motion had long since passed." (PF&R at 22.)

Mr. Gordinho filed objections, wherein he contends that Mr. Joyce did not communicate promptly and failed to file a timely § 2255 motion despite Mr. Gordinho's instructions. He contends that, with help from family members, he monitored whether a motion had been filed. He states that he fired Mr. Joyce on November 12, 2017. He attached documentation of call logs and other communications with Mr. Joyce and Mr. Shah. In addition, he indicates that he suffered health problems that interfered with his ability to pursue relief.

28 U.S.C. § 2255(f) provides that a motion to vacate, set aside, or correct a sentence must be filed within a one-year period from, as applicable herein, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That period is subject to equitable tolling if

4

the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). An attorney's conduct can rise to an extraordinary circumstance and warrant equitable tolling. The Supreme Court held that the circumstances presented in *Holland* may be sufficient, where an attorney representing the petitioner in a state habeas case failed to update the petitioner when the state case was resolved, despite repeated letters both seeking status updates and emphasizing the importance of promptly filing a federal habeas claim within the applicable deadline. *Id*. at 652. The Supreme Court further noted that the petitioner in *Holland* filed a pro-se habeas petition immediately upon discovering that the state case had been resolved. *Id*. at 653.

Even accepting Mr. Gordinho's account of his interactions with Mr. Joyce, he or his sister and Mr. Joyce communicated relatively frequently, and he, with assistance from a niece, monitored the Court's docket for the filing of a § 2255 motion. He was aware that Mr. Joyce had not filed a § 2255 motion within the deadline, and he took no action. He fired Mr. Joyce some six months after expiration of the deadline and sought the assistance of Mr. Shah some weeks later—but still filed nothing. While Mr. Gordinho's contact with attorneys evidence a continuing desire to seek relief, they do not demonstrate reasonable diligence to preserve his right to file a § 2255 motion within the applicable statute of limitations. Unlike the petitioner in *Holland*, Mr. Gordinho, with assistance from family, was able to monitor the docket and was aware that no motion had been filed. Upon learning that the deadline had passed without the filing of a motion, again in contrast to the petitioner in *Holland*, Mr. Gordinho did not take prompt action to file a motion in order to

protect his rights.[1] He waited nearly two years after the expiration of the statute of limitations to file his motion, despite his knowledge during the entirety of that time period that no motion had been filed. Regardless of the conduct of his attorneys, he cannot show that he acted with reasonable diligence.

He also describes serious medical problems that required extensive treatment during his incarceration but does not explain how those medical issues prevented him from filing a timely § 2255. Thus, the Court finds that he is not entitled to equitable tolling. His objections must be overruled, the PF&R adopted, and his §2255 motion dismissed as untimely.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Petitioner's *Reply in Objections to the Proposed Findings and Recommendation* (Document 110) be **OVERRULED**, that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 105) be **ADOPTED,** and that the Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence* (Document 86) be **DENIED**. The Court further **ORDERS** that this matter be **DISMISSED** and removed from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is

---

[1] Mr. Gordinho and Mr. Joyce proffer differing accounts of their conversations. Accepting Mr. Gordinho's account, Mr. Joyce indicated that he would file a § 2255 before the May 12, 2017 deadline. Had Mr. Gordinho filed a motion shortly thereafter and sought equitable tolling based on the purported false assurances that his attorney would file, additional fact-finding might be necessary. However, any such false assurance cannot support equitable tolling for the following two years.

debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **ORDERS** that a certificate of appealability be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record, and to any unrepresented party.

ENTER: September 15, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA